Matter of Jacobson v Hoehmann (2023 NY Slip Op 02608)

Matter of Jacobson v Hoehmann

2023 NY Slip Op 02608

Decided on May 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2023-04059
 (Index No. 31727/23)

[*1]In the Matter of Rosalind Jacobson, et al., petitioners- respondents, 
v
George A. Hoehmann, appellant, Rockland County Board of Elections, respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to Election Law article 16, inter alia, to invalidate a petition designating George A. Hoehmann as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Supervisor of the Town of Clarkstown, George A. Hoehmann appeals from a final order of the Supreme Court, Rockland County (Amy S. Puerto, J.), dated April 28, 2023. The final order, after a hearing, denied the motion of George A. Hoehmann to dismiss the petition, inter alia, to invalidate the designating petition, granted the petition, inter alia, to invalidate the designating petition, and directed the respondent Rockland County Board of Elections to refrain from printing George A. Hoehmann's name on the ballot for the primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Supervisor of the Town of Clarkstown.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the motion of George A. Hoehmann to dismiss the petition, inter alia, to invalidate the designating petition is granted, and the proceeding is dismissed.
George A. Hoehmann (hereinafter the appellant) was initially elected to the public office of Supervisor of the Town of Clarkstown (hereinafter Supervisor) on November 3, 2015, and will have served eight consecutive years as Supervisor upon the completion of his current term. On April 10, 2023, a petition designating the appellant as a candidate in a primary election to be held on June 27, 2023, for the nomination of the Republican Party as its candidate for the public office of Supervisor was filed with the Rockland County Board of Elections (hereinafter the Board of Elections). On April 19, 2023, the petitioners commenced this proceeding pursuant to Election Law article 16, inter alia, to invalidate the designating petition on, among other things, the ground that the appellant is ineligible to run for a third term as Supervisor pursuant to Chapter 263 of the Code of the Town of Clarkstown (hereinafter Chapter 263). The appellant moved to dismiss the petition. In a final order dated April 28, 2023, the Supreme Court denied the appellant's motion, granted the petition, inter alia, to invalidate the designating petition, and directed the Board of Elections to refrain from printing the appellant's name on the ballot for the June 27, 2023 primary election, on the ground that Chapter 263 rendered the appellant an ineligible candidate. This appeal ensued.
Under Election Law § 6-122, "[a] person shall not be designated or nominated for a public office or party position who . . . (2) is ineligible to be elected to such office or position; or (3) who, if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof." Chapter 263 limits the term an elected official may serve, as follows: "[t]he term of any elected Clarkstown official elected in a regular election [*2]after January 1, 2015 shall not exceed eight (8) consecutive years" (Code of the Town of Clarkstown § 263-1). However, Code of the Town of Clarkstown § 263-1 is invalid (see Hoehmann v Town of Clarkstown, _____ AD3d _____ [decided herewith]; Matter of Borelli v Town of Clarkstown, _____ AD3d _____ [decided herewith]). Therefore, the petitioners' contention that the appellant is ineligible to run for reelection is without merit.
The appellant's remaining contentions need not be addressed in light of our determination.
BARROS, J.P., WOOTEN and WAN, JJ., concur.
CHAMBERS, J., dissents, and votes to affirm the final order, with the following memorandum:
For the reasons set forth in my dissent in the companion appeal, Hoehmann v Town of Clarkstown (_____ AD3d _____ [decided herewith]), I disagree with the majority's conclusion that the Code of the Town of Clarkstown (hereinafter Town Code) section 263-1 is invalid. Accordingly, I would affirm the final order appealed from in the instant appeal, on the ground that the Supreme Court properly determined that section 263-1 bars the appellant from running for reelection as Supervisor of the Town of Clarkstown (hereinafter Supervisor). The appellant does not dispute that upon the completion of his current term, he will have served eight consecutive years as Supervisor. As a third term would result in the appellant "exceed[ing] eight (8) consecutive years" as Supervisor (Code of Town of Clarkstown § 263-1), the plain language of the Town Code would render him ineligible to run for reelection.
I would further conclude that the appellant's remaining contentions are either without merit or academic in light of the foregoing.
ENTER: Maria T. Fasulo
Clerk of the Court